IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**KERRICK WATSON**                                                                                **PLAINTIFF**

**V.**                                                **CAUSE NO. 3:16-cv-00987-CWR-FKB**

**ALLSTATE PROPERTY AND**                                           **DEFENDANT**
**CASUALTY INSURANCE COMPANY**

## ORDER

Before the Court is Defendant Allstate Insurance Company's Motion to Dismiss. Docket No. 13. After considering the allegations, arguments, and applicable law, the Court grants in part and denies in part Allstate's Motion.

**I.**     **Factual and Procedural History**

Kerrick Watson purchased a home insurance policy from Allstate. Docket No. 1-1 at 3. In December 2015, Watson's home and personal property were destroyed by a fire. *Id*. Watson filed an insurance claim with Allstate. *Id*. After conducting its own investigation, Allstate denied Watson's claim because he "intentionally overstated the value of the personal property damaged by the fire" and "made additional misrepresentations during the investigation of the claim." *Id*. at 16.

Watson filed this suit in Warren County Circuit Court in 2016, alleging several state law claims against Allstate. Docket No. 1-1. The action was properly removed to this Court on December 28, 2016, pursuant to diversity jurisdiction. Docket No. 1. Allstate now seeks dismissal of four of Watson's claims: breach of fiduciary duty; estoppel and detrimental reliance; negligent, grossly negligent, and wanton failure to monitor and train agents and adjusters; and indemnity. Docket No. 13. Watson filed a response, Docket No. 15, to which Allstate filed a rebuttal. Docket No. 22.

## II. Legal Standard

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of an action that fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

When considering a Rule 12(b)(6) motion, the Court accepts all factual allegations as true and makes all reasonable inferences in the plaintiff's favor. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff's complaint "must contain a short and plain statement of the claim showing that the pleader is entitled to relief." *Id*. at 677-78 (quotation marks and citation omitted). The plaintiff's claims need not include "detailed factual allegations," but the complaint must contain "more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Id*. at 678 (quotation marks and citation omitted). The plaintiff must also plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Hale v. King*, 642 F.3d 492, 499 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 678).

Since *Iqbal*, the Fifth Circuit has clarified that the Supreme Court's "emphasis on the plausibility of a complaint's allegations does not give district courts license to look behind those allegations and independently assess the likelihood that the plaintiff will be able to prove them at trial." *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 803 n.4 (5th Cir. 2011). The plausibility standard calls only "for enough fact to raise a reasonable expectation that discovery will reveal evidence of the necessary claims or elements." *Flagg v. Stryker Corp.* 647 Fed. App'x. 314, 316 (5th Cir. 2016) (internal quotations and citation omitted).

In a diversity action, the applicable substantive law is that of the forum state, Mississippi. *Capital City Ins. Co. v. Hurst*, 632 F.3d 898, 902 (5th Cir. 2011). State law is determined by

looking to the decisions of the state's highest court. *United Teacher Assoc. Ins. Co. v. Union Labor Life Ins. Co.*, 414 F.3d 558, 565 (5th Cir. 2005).

## III. Discussion

### A. Breach of Fiduciary Duty

Watson asserts that Allstate breached its fiduciary duty by refusing to honor the terms of Watson's insurance policy. Docket No. 1-1 at 6. Allstate argues that it owes Watson no such duty, as "there can be no fiduciary duty between an insurer and insured in a first party scenario." Docket No. 15 at 4. The Court agrees with Allstate.

"To maintain an action for breach of fiduciary duty, a fiduciary relationship must exist." *Gibson v. Markel Int'l, Ltd.*, No. 1:07-cv-1245-HSO-JMR, 2008 WL 3842977, at *6 (S.D. Miss. Aug. 14, 2008) (citing *Skinner v. USAble Life,* 200 F. Supp. 2d 636, 641 (S.D. Miss. 2001)). Under Mississippi law, an insurer does not owe a fiduciary duty to the insured in the context of first-party claims. *See Szumigala v. Nationwide Mut. Ins. Co.*, 853 F.2d 274, 280 n.7 (5th Cir. 1988).

To support his claim, Watson mentions a single case which purportedly recognizes a fiduciary relationship between an insured and insurer. Docket No. 15 at 4 (citing *Booker v. Am. Gen Life & Accident Ins. Co.*, 257 F. Supp. 2d 850, 857 (S.D. Miss. 2003)). *Booker*, however, asked whether a fiduciary relationship existed between the insured and an insurance *agent*. *Booker*, 257 F. Supp. at 859. The *Booker* court even noted that "there is no fiduciary relationship or duty between an insurance company and its insured in a first party insurance contract." *Id*. at 856.

Mississippi law is clear that an insurer owes no fiduciary duty to the insured in the first-party context. Accordingly, Watson fails to state a claim for breach of fiduciary duty.

3

### B. Estoppel and Detrimental Reliance

Watson alleges that he "reasonably relied to his detriment on the misrepresentations [and omissions] concerning material facts made by the Defendant." Docket 1-1 at 9. Watson further contends that in denying his benefits claim, Allstate misrepresented that "Plaintiff's dwelling and personal property were covered by Allstate's policy." Docket No. 15 at 5. Had he known Allstate would deny his benefits claims, Watson says, "he would have sought alternative insurance coverage." *Id*.

Watson's claim for estoppel and detrimental reliance also fails. "Estoppel arises only when the person claiming the benefit of estoppel has been misled to his detriment." *Casualty Reciprocal Exchange v. Wooley*, 217 So. 2d 632, 636 (Miss. 1969).

Watson fails to present any facts that support his contention that he had been misled to his detriment. He asserts only that Allstate misrepresented that his property was covered under the insurance policy. But this allegation is already encompassed by Watson's breach of contract claim, the key issue in this suit. Therefore, Watson's estoppel and detrimental reliance claim is unavailing.

### C. Negligent, Grossly Negligent, and Wanton Failure to Monitor and Train Agents and Adjusters

Watson additionally contends that Allstate was negligent in failing to monitor and train its agents and adjusters. Docket No. 1-1 at 9-10. In response, Allstate argues that the Court should dismiss this claim because Watson "fails to offer any facts beyond mere assertions." Docket No. 22 at 3. The Court disagrees.

A claim of negligent training or supervision "is simply a negligence claim, requiring a finding of duty, breach, causation, and damages." *Roman Catholic Diocese of Jackson v. Morrison*, 905 So. 2d 1213, 1229 (Miss. 2005).

Watson has pled sufficient facts to state a claim here. He asserts that Allstate mishandled his insurance needs by not paying his "valid claim," that Allstate "failed to follow industry standards or its own standards by flatly denying the claim," and that Allstate "failed to follow industry standards" in delaying the issuance of its decision. Docket No. 15 at 6. These facts are duplicative of those pled in Watson's general negligence claim under Count 1. Docket No. 1-1 at 5. Allstate has not argued that Count 1 is insufficient in any way.

As Watson has pled enough facts to proceed, he is entitled to discovery. "Judicial experience and common sense indicate a reasonable expectation that discovery will reveal evidence supporting the claims against the [defendant]. If they do not, the [defendant] may revisit the issue under Rule 56." *Jordan v. Maxfield & Oberton Holdings LLC*, No. 3:15-cv-220-CWR-LRA, 2016 WL 5794500, at *2 (S.D. Miss. Sept. 30, 2016) (citation omitted). Allstate's motion to dismiss this claim is denied.

**D. Indemnity**

The duty to indemnify may arise under three circumstances: "from a contractual relation, from an implied contractual relation, or out of liability imposed by law." *Indian Gold, LLC v. Amstar Mortg. Corp.*, 504 F. Supp. 2d 147, 150–51 (S.D. Miss. 2007) (citing *T & S Express Inc. v. Liberty Mutual Ins. Co.,* 847 So. 2d 270, 272 (Miss. Ct. App. 2003)). Here, Watson alleges contractual indemnification. Docket No. 15 at 7. "[A]n indemnitee will be indemnified against its own negligence 'when the contract shows by clear and unequivocal language that this is the intention of the contracting parties.'" *Martin v. Sears, Roebuck & Co*., 24 F.3d 765, 767 (5th Cir. 1994) (quoting *Blain v. Sam Finley, Inc.,* 226 So. 2d 742, 746 (Miss. 1969)).

Allstate contends that Watson's claim should be dismissed simply because Watson has failed to proffer the indemnification provision. Docket No. 12 at 3; Docket No. 22 at 3. The

Court is unpersuaded. There is obviously a contract here, as Watson purchased an insurance policy from Allstate, Docket No. 1-1 at 3.

Allstate next asserts that an indemnification clause would not be applicable here. Docket No. 13 at 7; Docket No. 22 at 3. In response, Watson claims that the "present contract provides for Plaintiff to be indemnified for out of pocket expenses advanced to replace covered losses." Docket No. 15 at 7. There is nothing distinct about this claim not already encompassed by the breach of contract claim. Again, we have not yet seen the contract, so this issue cannot be adjudicated today. Parties are engaging in discovery, and after the Court has examined the language of the policy, this issue can be taken up at summary judgment.

## IV. Conclusion

For the reasons stated, Defendant's Motion to Dismiss is granted in part and denied in part.

**SO ORDERED**, this the 19th day of September, 2017.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE