IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

KERRICK WATSON                                                                    PLAINTIFF

V.                                                          CIVIL ACTION NO. 3:16-cv-987-CWR-FKB

ALLSTATE PROPERTY AND CASUALTY
INSURANCE COMPANY                                                              DEFENDANT

**ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL**

Before the Court is Plaintiff's Motion to Compel [53]. Plaintiff seeks the following five categories of documents from Defendant Allstate Property and Casualty Insurance Company ("Allstate"): (1) Allstate's complete claims file or diary relating to Plaintiff's claim, (2) Allstate's Claims Manual or "best practices" guidelines, (3) forensic accountant Joseph Hines' report and supporting materials, (4) all releases executed by Kerrick Watson during the investigation of his claim, and (5) an updated list of individuals who have discoverable information. *See* [53] at 4. For the reasons described herein, the Court finds that Plaintiff's motion should be granted.

Plaintiff served requests for production of documents to Allstate on April 20, 2017. On July 6, 2017, Plaintiff took the depositions of Allstate employees Jennifer Morales and Wilbur Jordan. The following day, Plaintiff's counsel sent a good faith letter to counsel for Allstate. The good-faith letter references the five above-mentioned categories of documents. In the good faith letter, Plaintiff's counsel asserted that the two deponents discussed the existence of (1) significantly more of the claims diary than Allstate had previously produced, (2) the existence of an Allstate claims manual, not previously produced, (3) the existence of a report by Joseph Hines, upon which Allstate relied in denying Plaintiff's claims, (4) a financial release signed by Kerrick Watson, but not previously produced, and (5) the names of several individuals who "the deponents

claimed were crucial to the adjustment of the subject claim." [53-3]. The Court held a telephonic discovery conference on July 18, 2017, relating to the dispute, and gave permission to Plaintiff to file a motion to compel. Plaintiff filed the subject motion on July 28, 2017, claiming that as of that date Allstate had failed to produce the five documents at issue.

Allstate filed its response on August 21, 2017. Allstate argues that the documents Plaintiff seeks are either "(1) in his possession; (2) protected by the attorney-client privilege; or (3) are proprietary and confidential and may be produced subject to a protective order." [63] at 1. Allstate then goes on to describe, however, that the reason those documents are "in [Plaintiff's] possession" is that Allstate produced them after having been served with Plaintiff's motion to compel. *See id.* at 5-6. Allstate avers that it produced Joseph Hines' report on August 7, 2017, and a redacted copy of the full claims diary and associated privilege log on August 9, 2017. Allstate further states that it formally supplemented its discovery responses on August 14, 2017. *Id.* It appears this supplementation included the list of additional witnesses with discoverable information which Plaintiff sought as part of the motion to compel.

Allstate appears to concede that all of the documents which Plaintiff seeks are, in fact, responsive to Plaintiff's requests for production. Allstate argues, however, that Plaintiff's motion to compel, as it relates to the two documents it has not produced, is not properly before the Court for a number of procedural reasons. The Court finds Allstate's arguments unpersuasive, and determines that Plaintiff's motion is procedurally sufficient to be heard.

Allstate gives few reasons as to why it should not be required to produce the requested documents. Allstate argues that it should not have to produce the claims manual until a protective order is entered. However, Allstate has since moved for and received a protective order relating to the claims manual. *See* [133] and [134]. Allstate argues that it should not have to produce a copy

of the executed financial release by Plaintiff, because it claims Plaintiff already has a copy.[1] [63] at 6. However, not only does Allstate fail to give any evidence to support its claim that Plaintiff already has a copy of the release, it fails to explain why that fact should preclude Allstate from being required to produce a copy of the document as it exists in its records.

Accordingly, Plaintiff's motion to compel [53] is hereby granted.

The Court orders that, to the extent Allstate has not already done so, Allstate produce the five categories of documents described in the first paragraph of this Order by November 7, 2017. Allstate may redact the documents as necessary to protect any privileged information, but must produce along with any redactions a privilege log complying with Fed. R. Civ. P. 26(b)(5) and L.U. Civ. R. 26(e). Allstate's production of the claims manual will be subject to the provisions of the Agreed Protective Order [134].

SO ORDERED, this the 31st day of October, 2017.


___/s/ F. Keith Ball_____
UNITED STATES MAGISTRATE JUDGE

---

1  Allstate does not claim that it has already produced a copy, but instead simply claims that a copy is already in Plaintiff's possession. [63] at 6.