IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

KERRICK WATSON                                                                               PLAINTIFF

V.                                                          CIVIL ACTION NO. 3:16-cv-987-CWR-FKB

ALLSTATE PROPERTY AND CASUALTY
INSURANCE COMPANY                                                                         DEFENDANT

**ORDER GRANTING ALLSTATE'S MOTION TO CHANGE TRIAL SETTING**

Before the Court is Allstate's Motion to Change Trial Setting [163]. On October 31, 2017, the Court reset the trial of this matter to a two-week term of Court beginning July 2, 2018. [154]. The Order stated that the parties were to contact the Court immediately if they had any conflicts with the new trial date. [154] at 3. Counsel for Allstate determined that one of its necessary witnesses had an unavoidable conflict during the July 2, 2018, term and brought the matter to the attention of counsel for Watson. [163]. After learning that Watson would not agree to a new trial date, Allstate filed this motion on November 22, 2017. *Id.* It seeks a two-week delay of the trial date, to the term beginning July 16, 2018.

Watson did not file his response in opposition until December 20, 2017, after the deadline as set by L.U.Civ.R. 7(b)(4). [172]. Watson opposes a new trial setting, contending that Allstate has requested too many continuances. Watson also states that two of his four attorneys are not available during "the time suggested by Defendant," which the Court interprets as the July 16, 2017, term of Court mentioned in Allstate's motion. *Compare* [172] at 2 *with* [163] at 3.

"A schedul[ing order] may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "To show good cause, the party seeking to modify the scheduling order has the burden of showing 'that the deadlines cannot reasonably be met despite the diligence of

1

the party needing the extension.'" *Squyres v. Heico Cos., LLC*, 782 F.3d 224, 237 (5th Cir. 2015). "There are four relevant factors to consider when determining whether there is good cause under Rule 16(b)(4): '(1) the explanation for the failure to timely [comply with the scheduling order]; (2) the importance of the [modification]; (3) potential prejudice in allowing the [modification]; and (4) the availability of a continuance to cure such prejudice.' *Id.* (citing *Meaux Surface Protection, Inc. v. Fogleman*, 607 F.3d 161, 167 (5th Cir. 2010)).

The Court finds that Allstate has shown good cause as to why the date of the trial should be changed. Allstate's explanation is reasonable. The Court anticipates that parties will occasionally have conflicts with a trial date, which is why parties are instructed to advise the Court of such conflicts. Here, Allstate did exactly as the Court requested by informing promptly of a conflict more than seven months in advance. Allstate's requested schedule modification is important, as it allows for a necessary witness to be present at the trial. Allstate's requested alteration of the schedule – a two-week delay to the next term of Court – is minimal. While Watson states that two of his attorneys will not be available for the July 16, 2018, term, the Court finds that a continuance to the next term after that would cure any prejudice Watson would otherwise face from Allstate's requested relief.

Accordingly, the CMO [17] is hereby amended as follows:

1. This action is set for a jury trial during a two-week term of court beginning on August 6, 2018, at 9:00 a.m. in Jackson, Mississippi, before United States District Judge Carlton W. Reeves.[1]

2. The pretrial conference is set on July 13, 2018, at 9:00 a.m. in Jackson, Mississippi, before United States District Judge Carlton W. Reeves.

SO ORDERED, this the 11th day of January, 2018.

                                                     /s/ F. Keith Ball
                                                  UNITED STATES MAGISTRATE JUDGE

---

[1] The parties are advised to contact the Court immediately if they have any conflicts with this trial date.